Opinion of the Court, by
Judge Owsley.
ON the 6th of January 1809, Barry, by his obligation to Alsbury, promised to pay, against the first day of January next thereafter, twenty-eight dollars, for the hire of a negro woman, and to return said negro on the said first day of January. To recover the twenty-eight dollars, Alsbury brought an action of debt, in the Christian circuit court. He charges in his declaration, that Barry, by his writing obligatory, acknowledged himself indebted, and promised to pay Alsbury twenty-eight dollars against the first of January next after the date of the writing obligatory; and alleges for breach, the non-payment of the money. Barry pleaded payment, and a set-off; to which pleas issues were joined. On the trial, Barry, in support of his plea of set-off, produced in evidence an article of subscription, bearing date the first of November 1808, wherein Barry stipulated on his part, to teach such pupils as should be subscribed for, or put under his tuition, the usual branches of a liberal academic education, as perfectly *150 as his abilities and their capacities would admit, for the term of one year from and after the first day of December next after the date of the subscription; in consideration whereof, Alsbury and the other subscribers, on their part, respectively obliged themselves to pay said Barry the several sums annexed to their names, in quarterly payments, &c. On the motion of Alsbury, the court instructed the jury, that the stipulations on the part of Barry are conditions precedent, and that unless they were satisfied Barry had performed them, he was not entitled to the subscription. Alsbury obtained a verdict and judgment; to reverse which, Barry prosecutes this writ of error.
When, by contract, the entire consideration of the demand claimed, is to be performed at the time, or previous to the performance of the demand, the performance of the consideration becomes a condition precedent.
By the assignments of error two questions are presented for consideration: 1st, Whether an action of debt can be maintained; and 2d, whether the court erred in their instructions to the jury.
Debt is the proper action to recover a certain sum of money. Did not the obligation contain a promise to return the negro, there could be no doubt but debt would be the proper action to recover the money. In actions on obligations containing various covenants, it is not essential that breaches should be assigned in every covenant. Why debt is not the proper action to recover a sum certain, when no other breach is, or of necessity should be, alleged, we are at a loss to perceive. We think, therefore, the action is properly conceived.
But it remains for consideration, whether the promise on the part of Barry, to teach, is a condition precedent to his right to recover the subscription money. Covenants are construed to be dependent or independent of each other, according to the intention and meaning of the parties. To discover that intention, and thereby to learn when performance is necessary to be averred, is often a task of extreme difficulty. It seems, however, to have been ruled, that whenever the entire consideration of the demand claimed, is stipulated to be performed at the time of, or previous to the performance of the demand, the performance of the consideration becomes a condition precedent. 1 Saund. 320, n. 4. In this case, the teaching is the consideration for the money; and, from a just construction of the article of subscription, we think it a condition precedent. The promise on the part of the subscribers to the article, to pay the money, is not made in consideration of the *151 promise by Barry, to teach; but in consideration of his teaching according to the terms of the subscription. We are of opinion, therefore, that the instructions of the circuit court were correct.
Judgment affirmed.